CAIN'S GENERATOR AND
ARMATURE COMPANY,
INC., Petitioner,

v.

NATIONAL LABOR RELATIONS
BOARD, Respondent.

No. 78–1432.

United States Court of Appeals,
Sixth Circuit.

Submitted July 7, 1980.

Decided and Filed Aug. 19, 1980.

Robert S. Carabell, William Trumpeter, Roetzel & Andress, Akron, Ohio, for petitioner.

Elliott Moore, Deputy Associate Gen. Counsel, N. L. R. B., Washington, D. C., Bernard Levine, Director, Region 8, N. L. R. B., Cleveland, Ohio, for respondent.

Before EDWARDS, Chief Judge, and WEICK and MARTIN, Circuit Judges.

PER CURIAM.

Petitioner, Cain's Generator and Armature Co., Inc., seeks to deny enforcement of an order of the National Labor Relations Board. The Board seeks enforcement of the order, reported at 237 N.L.R.B. 189 (1978). We have jurisdiction pursuant to Section 10(e) and (f) of the National Labor Relations Act (Act), as amended, 29 U.S.C. §§ 151 *et seq.*

On August 16, 1976, the company executed an informal settlement agreement with the International Brotherhood of Boilermakers, Iron Shipbuilders, Blacksmiths, Forgers and Helpers, AFL–CIO. The company agreed to recognize the Union as the exclusive bargaining representative of its production and maintenance employees and to bargain collectively with the Union. On August 17, 1977, the company withdrew recognition of the Union and refused to bargain. Without consultation they then awarded an across-the-board wage increase of ten cents per hour to all unit employees. The Board, in affirming the Administrative

**934**

Law Judge, found that the company had violated Section 8(a)(5) and (1) of the Act, 29 U.S.C. § 158(a)(1) and 5, by withdrawing recognition, refusing to bargain, and granting a unilateral wage increase. Petitioner contends that the wage increase was not properly litigated, that the ALJ improperly rejected Edward Cain's testimony as not credible, and that the company had demonstrated a good faith doubt as to the lack of majority status of the Union. We cannot accept petitioner's arguments, however, and we affirm the Board's decision.

The Union enjoyed an irrebuttable presumption of majority status for six months to one year, after which period the presumption is rebuttable. *Rogers Mfg. Co. v. N.L.R.B.*, 486 F.2d 644 (6th Cir.1973), *cert. denied*, 416 U.S. 937, 94 S.Ct. 1937, 40 L.Ed.2d 288 (1974). In order to withdraw recognition, the employer must disprove majority support by a clear, cogent, and convincing showing of actual loss of majority status or objective considerations to support a good faith doubt of a union's majority status. *N.L.R.B. v. Tahoe Nugget, Inc.*, 584 F.2d 293 (9th Cir.1978). Here, substantial evidence supports the Board's finding that none of the factors relied upon the company justified withdrawal of recognition. First, on the date of withdrawal, only ten of the twenty-three employees were new employees. In the absence of any anti-union sentiment, no evidence was presented to show a loss of majority status. The ALJ thus found insufficient grounds upon which to base a good faith doubt of status. *See N.L.R.B. v. Washington Manor, Inc.*, 519 F.2d 750 (6th Cir.1975). Next, company president Cain testified that he relied on the lack of employee requests for union dues checkoff. However, such proposal had been rejected by the company as it was strictly voluntary. Cain could not, therefore, assume no majority support by a lack of dues-paying members. *See N.L.R.B. v. Gulfmont Hotel*, 362 F.2d 588 (5th Cir.1966). Lastly, Cain's statement that several "unidentified" employees had expressed their dissatisfaction fails as an objective factor to rebut the presumption of majority status. *See J. Ray McDermott v. N.L.R.B.*, 571 F.2d 850 (5th Cir.1978).

As a final point of contention, the company argues that the alleged ten cents per hour wage increase was not specifically set forth in the Board's complaint. However, as it was properly found by the ALJ, the increase was admitted without contradiction by Cain; further, such a violation was consistent with the matters alleged and litigated and cannot now serve as a basis to reverse the Board's decision. The Board correctly found that such increase following unlawful withdrawal of recognition violated Section 8(a)(5) and (1) of the Act. *See Owens-Corning Fiberglass Corp. v. N.L.R.B.*, 407 F.2d 1357 (4th Cir.1969). Enforcement granted.